

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHEREE WOODARD,                    }
                                   }
        Plaintiff,                 }
                                   }
v.                                 }    CIVIL ACTION NO.
                                   }
                                   }    98-AR-2575-S
FANBOY, L.L.C., *et al.*,          }
                                   }
        Defendants.                }
                                   }

**ENTERED**

**MAR 28 2000**

### MEMORANDUM OPINION

Before the court are the following three post-trial motions:

1.  Motion by plaintiff, Sheree Woodard ("Woodard"), seeking to add declaratory and injunctive relief to the final judgment.

2.  Motion by Woodard, as prevailing party, seeking attorneys fees and expenses.

3.  Renewed motion by defendants, Fanboy, L.L.C. ("Fanboy"), and Theodore Davis ("Davis"), for judgment as a matter of law.

If defendants' Rule 50(b) motion is granted, plaintiff's motions will become moot. Therefore, defendants' motion will be addressed first. Defendants contend that there was no substantial evidence upon which the jury could have found that Davis and Fanboy, by and through Davis, its president, was motivated to terminate Woodard's lease by her refusal to have sex with Davis and/or as a proximate consequence of her familial status. Before submitting special interrogatories to the jury, the court strongly

1



shared with Woodard's counsel the court's severe doubt about the sufficiency of the evidence upon which a jury could agree with Woodard's contention that the lease termination was occasioned by the presence of Woodard's minor children in the leased premises. The court had little doubt about the sufficiency of the evidence upon which a jury could find that Davis was motivated by Woodard's rejection of his sexual advances, something that would, of course, constitute a violation of the Fair Housing Act.  The court still has no doubt about plaintiff's theory of sex as the culprit, but the court has erased his doubt about whether there was a sufficient evidentiary basis for the jury's finding of familial status as a motivating factor for the lease termination.  Doubt is replaced with certainty. The court now is of the firm belief that there was an absence of substantial evidence upon which a jury could find familial status as a motivating factor for the lease termination.

Neither plaintiff nor defendants objected to the wording of the special interrogatories, which upon reflection and hindsight, should have entirely separated Woodard's two theories of liability and obtained separate responses from the jury, that is, when the court let himself be persuaded not to grant defendants' 50(a) motion insofar as it was addressed to plaintiff's fanciful familial status theory.  As it now stands, the use of the "and/or" language in the jury interrogatories, by the rules of grammar, creates the possibility that the jury found **both** sex and familial status as

bases for defendants' impermissible action.   Thus, the entire verdict topples when there was not a sufficient evidentiary basis for familial status as a factor motivating the lease termination. The court should have never let plaintiff talk him into letting the familial status issue go to the jury, but the mistake was made and was compounded by the language in the special interrogatories.

Because the court was in error in not granting defendants' Rule 50(a) motion insofar as it was addressed to plaintiff's familial status claim, the only way in which the court can correct its error is to grant defendants' present motion under Rule 50(b) as to the familial status theory and to order a new trial limited to plaintiff's claim of *quid quo pro* sex as the alleged motivating factor.

An order designed to effectuate this opinion will be separately entered.

DONE this __28__ day of March, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3